Lomax, J.
delivered the opinion of the Court.
The plaintiff in error was indicted, tried, and convicted in the Circuit Court of Hardy, at the last September term of that Court, for feloniously enticing, advising and persuading Felix Smith, a slave, the property of a certain John D. Miles, to abscond from his said owner, and feloniously procuring, furnishing, and delivering to, *572 and for the said Felix Smith, money, clothes, and provisions, with intent, in so doing, to aid the said slave to abscond from his said owner, against the form of the act °f assembly. Upon the trial of this case, the prisoner, to rebut the proof offered on the part of the Commonwealth to establish the condition of Felix Smith as a slave belonging to John D. Miles, offered in evidence upon his part, an instrument of writing in the following words:
“ Enow all men by these presents, that I, John D. Miles of Hardy county in the State of Virginia, for divers good causes and considerations thereunto me moving, and for the sum of four hundred dollars, current money of Virginia, paid and contracted to be paid to me by my negro man named Felix Smith, have, and by these presents do manumit and set free my said negro man Felix, he serving me faithfully for the space of six years j and at the expiration of that period he is to be and go absolutely free from all persons whatsoever. And I do hereby for myself, and my heirs, executors and administrators, relinquish all my right and title in and to the aforesaid negro man, except for the term of service of six years aforesaid. But if my said negro man Felix shall, before the expiration of said six years, have well and fully paid to me, or my heirs, executors or administrators, the sum of four hundred dollars, with interest thereon from April first, 1844, then, and in that event, his period of service shall expire, and he is manumitted and set free by these presents, at the time of such full payment. And in order that the several payments made or to be made by the said Felix to me, or to my heirs, executors or administrators, may be clearly ascertained and satisfactorily applied in discharge of said sum of four hundred dollars, with interest, Thomas Stingby is selected as an honest and disinterested person, to act as trustee for said Felix; to apply the payments made by Felix in satisfaction of said four hundred dollars and *573 interest; and to attend to and secure the interest of said Felix in the premises. And it is hereby agreed and understood, that in the event of the said sum of four hundred dollars and interest not being paid before the expiration of said six years term of service, that said service shall be in lieu thereof; and at the expiration thereof said Felix shall go absolutely free. In witness whereof, I, the said John D. Miles, and also I, the said Thomas Siingby, have hereunto set my hand and affixed my seal, this 13th day of July 1844.
(Signed)

for Felix Smith.
Teste, M. D. Williams,

David Welton,

II. G. Hanby,

Sami Vandiver, Jr.”
This instrument, attested by four subscribing witnesses, was, on the 5th of August 1844, at the County Court of Hardy, acknowledged by the said Thomas Siingby, and proved as to John D. Miles, by the oaths of two of the subscribing witnesses, and ordered to be recorded. And thereupon, the prisoner moved the Court to instruct the jury, that if they believed from the evidence that the deed was executed by John D. Miles, the former owner of the said slave, and believed from the evidence, that it was duly proven before the County Court of Hardy by two of the subscribing witnesses thereto, that then they should find for the prisoner. This instruction the Court refused to give, and thereupon the prisoner excepted. The question brought before this Court now, is, the correctness of that judgment in the Court below. A majority of this Court is of opinion that that judgment was erroneous.
*574 They think that the decision of the Court of Appeals the case of Isaac v. West, 6 Rand. 651, upon an instrument very like the instrument of emancipation in the present case, settles the construction of this to be an immediate, and not a future manumission. Even if that authority were less decisive than it seems to be upon the question, we could not pronounce an opposite judgment, without feeling much doubt as to its correctness. If even in a civil remedy, involving the true construction of the deed in question, the case referred to would be calculated to throw considerable doubt upon a judgment pronouncing that its effect would not be immediate emancipation, that doubt, even if there were no more than doubt, should be decisive in a criminal prosecution for a felony. Unless the opinion pronouncing the construction to be future, and not immediate emancipation, be clear and disembarrassed of all reasonable doubt, the law entitles the prisoner to the benefit of that doubt, and the most favourable construction upon the deed.
The judgment of the Circuit Court of Hardy must, therefore, be reversed, and the cause sent back for a venire facias de novo, with instructions to the Court below, that upon any future trial, if the evidence in the cause be the same as heretofore, and the instructions which were refused, be again applied for to the Court, they should be given by it.
Field, Scott, and Wilson, J. dissented.
Judgment reversed, and new trial directed.